## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITES STATES OF AMERICA  :
                                  :

vs.                                 :          CR No. 06-132-ML

                                    :

DANIEL D. McLAIN         :

## MEMORANDUM AND ORDER

Daniel D. McLain has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is DENIED.

### FACTUAL BACKGROUND AND TRAVEL

McLain was charged by a grand jury in three-count indictment with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count I); aiding and abetting the distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count II); and distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B).[1] McLain pled guilty to these charges in accordance with a plea agreement on January 31, 2007. During all proceedings in this Court, McLain was represented by Federal Defender Mary McElroy.

A Presentence Report (PSR) was prepared by the U.S. Probation Office and was later amended to reflect the 2007 Amendments to the U.S. Sentencing Guidelines. The amended PSR found McLain to be a career offender, with a net offense level of 34, a criminal history category VI, and a recommended guideline sentencing range of 262-327 months. (PSR, ¶¶ 21, 23, 38, 62.)

Neither party filed objections to the PSR. However, the Government filed a sentencing memorandum and also filed a motion for a downward departure, pursuant to USSG § 5K1.1, seeking

---

[1] A co-defendant, Eric Grundy was also charged with the offenses in Counts I and II. He separately pled guilty and was sentenced by this Court to 121 months imprisonment.

a three-level reduction in McLain's offense level, as set forth in the PSR. Defense counsel filed a

presentence memorandum requesting the statutory minimum sentence of 120 months, based in part

on the disparity between powder and crack cocaine. (See Memorandum in Support of Sentencing

filed on November 29, 2007 ["Deft's Sent. Mem."] at 5-9.) Attorney McElroy also submitted, on

McLain's behalf, a copy of his Outpatient Neuropsychological Consultation Report, prepared by Dr.

Paul F. Malloy, Director of Psychology at Butler Hospital ["Butler Hospital Report"]. In that report

Dr. Malloy noted that McLain was competent but that he "has cognitive limitations that reduce his

responsibility for the alleged offenses." (Butler Hospital Report at 2.)

At the sentencing hearing, this Court granted the Government's §5K1.1 motion, and

McLain's net offense level was reduced from 34 to 31, resulting in a guideline range of 188-235

months. (See Transcript of Sentencing Hearing Conducted on December 6, 2007 ["Sent. Tr."] at 5-8)

(redacted). Defense counsel vigorously argued for a below guidelines sentence in view of McLain's

offense conduct, background, cognitive limitations and the sentencing disparity with respect to crack

cocaine sentences. (Sent. Tr. 8-17.) This Court sentenced McLain to 164 months imprisonment --

a term that was 98 months below the guideline range as calculated in the PSR and 24 months below

the guideline range after it was adjusted for the Government's §5K1.1 motion.

McLain's appeal was summarily dismissed by the Court of Appeals due to the appeal waiver

provision in his plea agreement. See United States v. Daniel D. McLain, No. 07-2822 (August 14,

2008). McLain's petition for certiorari was denied by the Supreme Court on January 12, 2009.

McLain then filed the instant motion to vacate with supporting papers,[2] raising various claims

of ineffective assistance. He asserts that his counsel failed to properly argue (1) his cognitive

---

[2]    Along with his motion, McLain filed a Memorandum of Law in Support of Petitioner's
Motion to Vacate, Set Aside or Correct Sentence under 28 USC [sic] §2255 ["Pet. Mem."], together with
three exhibits (collectively Doc. #69). Exhibit 2 of those exhibits, the Butler Hospital Report, was
ordered sealed.

limitations in mitigation of his sentence, and (2) the sentencing disparity between crack and powder

cocaine, and that counsel failed (3) to properly challenge his career offender status and (4) to

otherwise argue that the career offender enhancement over-represented the seriousness of McLain's

criminal history.  The Government has filed a response ("Government's Response"), and McLain

has filed a reply.  This matter is ready for decision.[3]

DISCUSSION

A.    Ineffective Assistance Principles

A defendant who claims that he was deprived of his Sixth Amendment right to effective

assistance of counsel must demonstrate:

(1)    that his counsel's performance fell below an objective standard of
reasonableness;  and

(2)    a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  See Cofske v. United States, 290 F.3d

437, 441 (1st Cir. 2002).

In order to satisfy the "deficient performance" prong, a defendant must show that his trial

counsel's representation "fell below an objective standard of reasonableness." Strickland, 466 U.S.

at 688, 104 S.Ct. 2052.  This Court's review of counsel's performance must be deferential, and

reasonableness must be considered in light of "prevailing professional norms." Peralta v. United

States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland, 466 U.S. at 688).  The defendant bears the

---

[3]    McLain requests an evidentiary hearing on his claims.  However, no hearing is required in
connection with any issues raised by his motion to vacate, because, as discussed infra, the files and
records of this case conclusively establish that the claims in the motion to vacate are without merit.  See
David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing
"when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle
him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions
instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted).  See
also Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing is required
where district judge is thoroughly familiar with case).

burden of identifying the specific acts or omissions constituting the allegedly deficient performance; conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F.Supp.2d 276, 279 (D.R.I. 2001)(citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993)).

To satisfy the "prejudice" prong, a defendant "must establish that 'but for his counsel's deficiency, there is a reasonable probability that he would have received a different sentence.' [Citations omitted.] Although he need not show 'that counsel's deficient conduct more likely than not altered the outcome' of his sentencing proceeding, he must establish 'a probability sufficient to undermine confidence in [that] outcome.'" Peralta, 597 F.3d at 79-80 (quoting Porter v. McCollum, 130 S.Ct. 447, 453 (2009), in turn quoting Strickland, 466 U.S. at 694).

B.    Failure to Argue Cognitive Limitations

McLain first claims that his counsel failed to adequately argue his "mental retardation" in mitigation of his sentence. (Pet. Mem. at 2.)  Specifically, he contends that counsel failed to emphasize the findings made in the Butler Hospital Report, particularly the finding that McLain had "cognitive limitations that reduce his responsibility for the alleged offenses." (Id. at 10).  McLain contends that had this Court been made aware of Dr. Malloy's findings, it would have known why McLain had difficulty obtaining an education and a job and, therefore, would have imposed a lesser sentence. (Id.)

The short answer to this claim is that McLain's counsel did in fact present this issue to the Court, in both the sentencing memorandum and at the sentencing hearing. Attorney McElroy submitted the complete Butler Hospital Report and alluded several times to McLain's cognitive limitations in both her Sentencing Memorandum and at the sentencing hearing. (See Sent. Tr. at 10, 13-14.)  It was not necessary for counsel to quote extensively from that report, as this Court had

-4-

reviewed it in full and was fully cognizant of its contents. Further, this Court took McLain's social history into consideration when determining his sentence. (Id. at 25). Thus, counsel's performance on this aspect was more than adequate and cannot be deemed objectively deficient. See United States v. Webster, 392 F.3d 787, 793-795 (5th Cir. 2004) (counsel not required to present multiple pieces of the same type of mitigating evidence relating to defendant's mental condition).

Moreover, counsel obtained a sentence that was well below even the adjusted advisory guideline range, even if it was greater than the 120-month sentence requested. Counsel's performance cannot be deemed deficient simply because she was not completely successful. See United States v. Agramonte, 366 F.Supp.2d 83, 86 (D.D.C. 2005) ("So long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful.") (citing Strickland v. Washington, 466 U.S. 668, 699).

Thus, McLain's first ineffective assistance claim is without merit.[4]

C.    Failure to Argue Crack - Cocaine Disparity

McLain next claims that his counsel failed to properly argue the disparity between crack cocaine and powder cocaine.[5] He contends that counsel failed to address this Court's concern as to whether it could impose a below guidelines sentence notwithstanding McLain's career offender

---

[4]    Wiggins v. Smith, 539 U.S. 510 (2003), cited by McLain, is readily distinguishable and does not assist him. There, the Supreme Court held that counsel rendered ineffective assistance in connection with a capital sentencing proceeding, by failing to obtain an expert report on defendant's social history, even though funds to do so were available, and by failing to develop other mitigating factors. Id. at 523-25. Here, by contrast, McLain's counsel obtained and submitted a favorable expert report in connection with McLain's sentencing. The Butler Hospital Report concluded that "McLain ha[d] cognitive limitations that reduce his responsibility for the alleged offenses" but that he appeared to understand the charges against him and was able to participate in his own defense. (Butler Hospital Report at 2.)

[5]    As the Government points out, in making this argument McLain erroneously states that this Court could impose a sentence below the statutory minimum because the Government filed a motion pursuant to USSG § 5K1.1 motion. While a § 5K1.1 motion allows a court to depart from the guideline range, the Government must file a motion pursuant to 18 U.S.C. § 3553(e) in order for a court to impose a sentence below the offense statutory minimum. The Government did not file such a motion in this case.

status, on the basis of <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007), <u>Gall v United States</u>, 552 U.S. 38 (2007), and <u>Martin v. United States</u>,520 F.3d 87 (1st Cir. 2008) (Pet. Mem. at 11-14.)

This claim is flawed in several respects. First, none of the decisions McLain points to had been rendered at the time of his sentencing,[6] and counsel could not reasonably be expected to anticipate the precise contours of those decisions. See <u>Smith v. Murray</u>, 477 U.S. 527, 536 (1986) (challenges to counsel's effectiveness are viewed in light of the law existing at the time counsel was representing the petitioner); <u>Clark v. Moran</u>, 942 F.2d 24, 33 (1st Cir.1991) (reasonably effective assistance does not require arguments based on prediction of how law will develop).[7]

Second, this claim is belied by the record. As McLain himself acknowledges (Pet. Mem. at 11-12), his counsel vigorously argued that even though he was being sentenced as a career offender under USSG §4B1.1(b) rather than under the cocaine guidelines, that provision was based on the statutory maximums for possession of crack cocaine, which themselves were a product of the crack-powder cocaine disparity. (<u>See</u> Sent. Tr. at 11-12.) Moreover, this Court was well aware of its discretion to impose a sentence below the career offender guideline range and in fact did so. In imposing that sentence, this Court essentially followed the sentencing procedure subsequently set forth in <u>Martin</u> by first calculating the guideline range, then approving a departure under the guidelines (§5K1.1) and then considering in its discretion whether any other factors warranted imposing a sentence below the adjusted guideline range. This Court considered McLain's personal background, which it described as "incredibly tragic," and recognized that his guideline range was "artificially inflated" due to its being based on crack as opposed to cocaine -- but at the same time

_____

[6] <u>Gall</u> and <u>Kimbrough</u> were decided on December 10, 2007, several days after McLain's sentencing; <u>Martin</u> was decided by the First Circuit on March 21, 2008.

[7] Indeed, the sentence imposed on McLain is similar to the sentence imposed in <u>United States v. Caraballo</u>, 447 F.3d 26 (1st Cir. 2006), decide shortly *before* McLain's sentencing, in which the court imposed a sentence substantially below the otherwise applicable career offender guidelines range.

it also considered McLain's failure to discontinue his illegal drug activity notwithstanding his previous state drug sentences, as well as his use of a minor while committing the instant drug offense. (Id. at 23-29.)

Finally, McLain has in any event made no showing of prejudice, i.e., that his sentence would likely have been lower had counsel raised the arguments McLain asserts here. Indeed, McLain received a sentence that was 24 months below the bottom of his advisory guideline range that had already been lowered pursuant to USSG § 5K1.1. (See Sent. Tr. at 23-27.)

In short, this Court's sentence was well within the "range of reasonable sentences" that could be imposed for McLain's offense, Martin 520 F.3d at 92, and this claim likewise fails.

D.   Failure to Challenge Career Offender Status

McLain further claims that his counsel failed to properly challenge the predicate offenses for his career offender status, as determined under USSG § 4B1.1.[8] He contends that counsel failed to argue: (1) that two of his prior state convictions involved violations of a statute that included misdemeanors and therefore did not meet the predicate requirements for inclusion in his career offender determination, and (2) that McLain was a drug dependent person at the time his prior state offenses were committed, and thus those offenses should not have been not considered felonies for purposes of his career offender determination. (Pet. Mem. at 15-18.)[9] Neither argument is persuasive.

---

[8]   USSG § 4B1.1, as applicable to McLain's sentence, provides in pertinent part as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence of a controlled substance offense.

USSG § 4B1.1(a) (2007). The first two requirements are not in dispute.

[9]   A related claim -- that counsel failed to argue that sentencing guidelines Amendment 709 precluded the use of a prior misdemeanor in the determination of his criminal history category -- was withdrawn by McLain (see Reply at 7) after the Government pointed out that the PSR had been amended to exclude that misdemeanor from the Criminal History calculation and need not be further discussed.

The PSR identified three predicate convictions in connection with McLain's career offender status. (See PSR, ¶31, 35-36.) Each of the two prior convictions in question was for the Manufacture/Delivery/ Possession of a Schedule I or II controlled substance, punishable by up to 30 years imprisonment and thus constituted felonies. See R.I. Gen. Laws 21-28-4.01(a)(4)(i), as amended by P.L. 1991, Ch. 256, §1;[10] RI. Gen. Laws § 11-1-2 (defining a 'felony' as any criminal offense punishable "by imprisonment for a term of more than one year, or by a fine of more than one thousand dollars"). Moreover, McLain's actual sentence for each conviction was in excess of one year, although a portion of the time to serve was suspended in each.

The fact that the offense statute in question also provided for a misdemeanor penalty for schedule V controlled substances, see §21-28-4.01(a)(iii), does not change the classification of McLain's prior offenses under this statute as felonies. See USSG § 4B1.2, cmt. 1 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."); United States v. Almenas, 553 F.3d 27, 31-32 (1st Cir. 2009) (neither fact that state law categorizes offense in question as a misdemeanor, nor fact that defendant was not actually imprisoned for a term exceeding one year, prevented categorization of prior offense as a felony for purposes of career offender provision). Therefore, counsel's failure to assert an argument that was incorrect as a matter of law was not deficient performance.

As to his second contention, McLain has made no showing that he was found to be a drug dependent person or that he had even claimed be a drug dependent person under Rhode Island law

---

[10]   A 2009 amendment to this statute, see P.L. 2009, Ch. 345, §1, which increased the pertinent maximum penalty to 50 years, is irrelevant to the instant proceeding.

at the time of his prior drug convictions in state court.[11]   Thus, even assuming without deciding that

lesser penalties may be available under Rhode Island law for drug dependent persons who commit

drug offenses, this would not assist McLain here.   Rather, what matters for purposes of determining

whether the prior offense is a felony is the actual sentence imposed for that offense.   See USSG

§4B1.2, cmt. 1; Almenas, 553 F.3d at 31-32.   Here, McLain received a sentence of more than one

year for each of his two previous drug offenses in question (see Exhibits 4 and 5 to Gov't Mem.),

and thus this contention fails.   Cf. USSG §5H1.2 ("[d]rug or alcohol dependence or abuse is not a

reason for a downward departure").

> Thus, this claim fails on both aspects.

E.   <u>Alleged Failure to Argue Over-Representation of Criminal History</u>

> Lastly, McLain claims that his counsel failed to argue that his criminal history was over-

represented because two of his prior offenses were for small amounts of drugs (hand to hand sales

of $20 bags of cocaine).   However, Attorney McElroy addressed this issue in her Sentencing

Memorandum and at the sentencing hearing.   That memorandum urged this Court to consider the

small amounts involved in the two prior convictions at issue and further stated that "the career

offender designation does not reflect the seriousness of the crime. . . .and this Court should impose

a lower sentence." (Deft's Sent. Mem. at 5.)   Further, this Court addressed this claim at the

sentencing hearing, noting that the sentencing procedures for offenses involving crack cocaine do

not take into consideration the amount of cocaine involved and that all dealers are treated the same.

(Sent. Tr. at 26.)

---

[11]   At the time R.I. Gen. Laws § 21-28-1.02(18) defined a "drug dependent person" as "a person who uses a controlled substance and who is in the state of psychic or physical dependence, or both, arising from the use of that controlled substance on a continuous basis... ."

McLain's final claim that his counsel failed to argue that his career offender status substantially over-represented his criminal history is likewise belied by the record and does not merit extended discussion. Again, the Sentencing Memorandum submitted on his behalf specifically addresses this argument. (See Def't's Sent. Mem. at 4-5,) Moreover, this Court recognized that McLain's career offender status was based on in part on convictions for relatively small drug transactions (See Sent. Tr. at 26) and factored this into its calculus for imposing McLain sentence.

This Court has considered all of McLain's other arguments and finds them to be without merit.

CONCLUSION

In view of the foregoing considerations, McLain's motion to vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED and dismissed.

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge

August 24, 2010